# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. DEXTER MCMILLAN

### Appeal from the Criminal Court for Knox County
### No. 84667    Steve Sword, Judge

_____

### No. E2011-02258-CCA-R3-CD - Filed February 9, 2012

_____

The appellant, Dexter McMillan, filed in the Knox County Criminal Court a motion to reopen his case, which the trial court treated as a petition for post-conviction relief.  The trial court dismissed the petition, and the appellant appeals.  The State filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Upon review of the record and the parties' briefs, we conclude that the trial court properly dismissed the petition.  Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., AND D. KELLY THOMAS, JR., JJ., joined.

Dexter McMillan, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellate record is sparse.  However, we glean the following facts from prior opinions filed by this court in this case:  On October 2, 2006, the appellant pled guilty to two counts of assault, one count of driving on a suspended license, and one count of resisting arrest, all misdemeanors.  State v. Dexter McMillan, No. E2008-02626-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 1, at *2 (Knoxville, Jan. 4, 2010), perm. to appeal denied, (Tenn. 2010).  He received an effective sentence of eleven months, twenty-nine days to be served on probation and to be served concurrently to a sentence received in another case for a total

effective sentence of two years. Id. at *3. The appellant filed a motion to withdraw his guilty pleas, arguing that his pleas were not knowing and voluntary. State v. Dexter Lewis McMillan, No. E2008-02626-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 295, at *1 (Knoxville, April 17, 2008), perm. to appeal denied, (Tenn. 2008). The trial court denied the motion, and this court affirmed the trial court. Id. at *2. Subsequently, probation violation warrants were issued. Dexter McMillan, No. E2008-02626-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 1, at **3-5. After a revocation hearing, the trial court revoked the appellant's probation. Id. at ** 4-5. On direct appeal, a panel of this court held that the trial court erred by revoking the appellant's probation because his sentences had expired when the probation violation warrants were issued. Id. at ** 8.

On April 19, 2011, the petitioner filed a pro se document titled "MOTION TO REOPEN FOR UNJUST REASONS ON THE BEHALF OF JUDGE: RICHARD R. BAUMGARTNER." In the motion, the appellant alleged that he was made to "cop out to charges" and that Judge Baumgartner "would not take back the plea." At a hearing, the appellant requested that his case be "reopened for unjustly cause."[1] The trial court treated the appellant's motion as a petition for post-conviction relief. The trial court determined that it did not have jurisdiction over the petition because "this is a concluded case" and stated that "you're probably even outside the [one-]year statute of limitations on filing post-conviction relief."

On appeal, the appellant argues that he pled guilty because his trial attorney said he was not getting out of jail unless he "cop out to all of the charges" and that Judge Baumgartner's actions resulted in his being illegally and unconstitutionally restrained. The State argues that this court should dismiss the appeal because an appeal as of right does not lie for a denial of a motion to reopen for unjust reasons. In the alternative, the State argues that if this court treats the appellant's motion as a petition for post-conviction relief, then we should affirm the trial court's dismissal of the petition because the appellant filed it outside the one-year statute of limitations.

The appellant is essentially arguing in his motion and in his appellate brief that he did not plead guilty knowingly and voluntarily and that he received the ineffective assistance of counsel, claims only cognizable under the Post-Conviction Procedure Act. Therefore, the trial court properly treated his motion as a petition for post-conviction relief. Tennessee Code Annotated section 40-30-102(a) provides that a person "must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." In this case, the appellant filed a motion

_____

[1]Judge Baumgartner did not preside over the hearing.

-2-

to withdraw his guilty pleas after the imposition of sentences but before the judgments became final. <u>Dexter Lewis McMillan</u>, No. E2008-02626-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 295, at **1-2. The trial court denied the motion, and this court affirmed the trial court. Our supreme court denied the appellant's application for permission to appeal on September 15, 2008. Therefore, the appellant had one year from that date to file his petition for post-conviction relief, and the trial court properly dismissed the petition for post-conviction relief as untimely.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE